**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-6503**

ROBERT MOSES WILKERSON,

Petitioner - Appellant,

v.

WARDEN, Williamsburg Federal Correctional Institution,

Respondent - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:18-cv-00211-IMK)

Submitted:  November 17, 2020                              Decided:  November 24, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Lawrence D. Rosenberg, Director, U.S. Supreme Court Litigation Clinic, WEST VIRGINIA UNIVERSITY COLLEGE OF LAW, Morgantown, West Virginia; Lawrence D. Rosenberg, JONES DAY, Washington, D.C.; Benjamin G. Minegar, Joshua R. Sallmen, JONES DAY, Pittsburgh, Pennsylvania, for Appellant.  William J. Powell, United States Attorney, Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Moses Wilkerson, a federal prisoner, appeals the district court's order denying relief on his 28 U.S.C. § 2241 petition in which Wilkerson sought to challenge his sentence by way of the savings clause in 28 U.S.C. § 2255 and, alternatively, for a writ of coram nobis relief. Finding no error, we affirm.

Pursuant to § 2255(e), a prisoner may challenge his sentence in a traditional writ of habeas corpus pursuant to § 2241 if a § 2255 motion would be inadequate or ineffective to test the legality of his detention.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).

In addition, "[a] writ of coram nobis is an exceptional remedy that may be granted only when a fundamental error has occurred and no other available remedy exists." *United States v. Swaby*, 855 F.3d 233, 238 (4th Cir. 2017). This court has long recognized that "[a]n error of the most fundamental character must have occurred to warrant issuing the writ[.]" *United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988) (internal quotation marks omitted).

We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *See Wilkerson v. Warden*, No 1:18-cv-00211-

2

IMK (N.D.W. Va. Feb. 14, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*